

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
10/15/2007

| | |
|---|---|
| IN RE: § | |
| CAUSEY C. QUILLIAN, III § | CASE NO: 07-20199 |
| Debtor(s) § | |
| § | CHAPTER 12 |

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS

On this day came on for consideration the Motion to Dismiss filed by James S. Fox, H.J. Kolinek, and Justin Truett Hunt ("Movants"). The Court, having heard the evidence and arguments of counsel, finds that the Debtor, Causey C. Quillian III (the "Debtor"), does not qualify as a debtor under 11 U.S.C. §1201 et.seq.

### BACKGROUND

The Debtor filed his voluntary Chapter 12 bankruptcy petition on April 2, 2007. Debtor's schedules indicate that he has secured claims in the amount of $1,012,000.00 and unsecured claims in the amount of $80,908.00. Movants' claim is a based on an Agreed Final Judgment owned by Movants in the amount of $1,000,000.00 (the "Judgment"). The Judgment was issued by the Probate Court No. 1 in Travis County, Texas. The Probate Court found that the Debtor obtained money as a result of his intentional tortuous conduct, conversion, and breach of fiduciary duty as guardian of the Estate of Letha Fern Montandon. Movants abstracted their judgment against the Debtor, creating a lien on Debtor's non-exempt real property. Tex. Prop. Code §52.001. The other secured claim is in the amount of $12,000.00 for the purchase of a boat and motor.

Movants contend that Debtor does not qualify as a family farmer because less than fifty percent of his debts arose from a farming operation. Debtor argues that the funds he took from the probate estate were used to improve the real property upon which he lives and were therefore

used in his farming and ranching operation. Debtor alternatively argues that the debt owed to Movants is secured by his principal residence and should not be included in the statutory calculation for chapter 12 eligibility. For the reasons stated below, the Court finds that the Debtor's contentions are unsupportable.

## DISCUSSION

The Bankruptcy Code defines the term "family farmer" as follows:

> (18) the term "family farmer" means –
> (A) individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $3,238,000.00 and not less than 50 percent of whose aggregate noncontingent, liquidated debts (excluding a debt *for* the principal residence of such individual or such individual and spouse unless such debt arises out of a farming operation), on the date the case is filed, arise out of a farming operation owned or operated by such individual or such individual and spouse, and such individual or such individual and spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for –
> (i) the taxable year preceding; or
> (ii) each of the 2d and 3d taxable years preceding;
> The taxable year in which the case concerning such individual or such individual and spouse was filed… .

-- 11 U.S.C. §101(18)(emphasis added). Movants' debt constitutes 91% of Debtor's noncontingent, liquidated debts. Debtor failed to demonstrate that the debt arises out of a farming operation or is a debt for Debtor's principal residence.

First, Debtor argues that the funds he misappropriated, upon which the Judgment is based, were used in his farming operation and therefore the debt owed Movants should be included in the eligibility calculation. Debtor cannot legitimize the funds he misappropriated by "laundering" them through the bankruptcy court. Debtor's use of misappropriated funds cannot be considered in his qualification as a family farmer. The debt created by the Judgment is a debt for conversion, breach of fiduciary duty, and intentional tortuous conduct. Debtor's subsequent

use of the money does not change the character of the debt. Accordingly, Debtor's argument fails. To allow otherwise would violate public policy.

Movants' abstract of judgment, filed in Karnes County and Bee County, Texas, created a lien on the non-exempt real property of the Debtor located in those counties. An abstract of judgment creates a lien against the judgment debtor's property and provides notice to subsequent purchasers and encumbrancers of the existence of the judgment and the lien. *Wilson v. Dvorak*, 228 S.W.3d 228, 233 (Tex.App.—San Antonio 2007, no writ). The filing of the abstract of judgment does not, however, convert the debt owed Movants into a "debt *for* the principal residence". The exclusion provision in 11 U.S.C. §101(18) excludes a debt such as a mortgage used for the purchase of the principal residence. Here, the judgment lien has no relation to the acquisition of Debtor's principal residence and therefore cannot be excluded from the eligibility calculation. *See, e.g.*, *In re Rinker*, 75 B.R. 65 (Bankr. S.D. Iowa 1987)(debt arising out of lawsuit settlement is farm debt because lawsuit dispute was over acquisition of farmland).

For the reasons stated herein, the Court finds that less than fifty percent of Debtor's debt arises out of a farming operation owned or operated by the Debtor. Accordingly, Debtor does not qualify for Chapter 12 relief. The Court finds, however, that Debtor should be allowed 10 days from the date of this order to convert his case to another chapter of the Bankruptcy Code under which he is eligible. If the Debtor has not filed his Motion to Convert within ten (10) days from the date this order is entered, the case shall be dismissed.

It is therefore ORDERED that the Debtor Causey C. Quillian, III, does not qualify for relief under Chapter 12 of the Bankruptcy Code.

It is further ORDERED that the Debtor may file a Motion to Convert within ten (10) days from the date this order is entered.

It is further ORDERED that if no Motion to Convert is timely filed, Case No. 07-20199 is hereby DISMISSED.

SIGNED 10/15/2007.

RICHARD S SCHMIDT
United States Bankruptcy Judge